**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA TERESA FLORES LEYVA; JESUS CASTRO FLORES, | No. 22-1118 |
| Petitioners, | Agency Nos. A215-816-219 A215-816-220 |
| v. | |
| MERRICK B. GARLAND, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 3, 2023[**]
San Francisco, California

Before: McKEOWN, CALLAHAN, and LEE, Circuit Judges.

Maria Teresa Flores Leyva and Jesus Castro Flores, citizens of Mexico,

petition for review of a decision by the Board of Immigration Appeals (BIA)

affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture (CAT). Petitioners are a mother and her minor child; Jesus's claims are derivative of his mother's claims. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review the BIA's determination of legal questions *de novo* but review the BIA's findings of fact for substantial evidence and will uphold them unless the evidence compels a contrary result. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014).

Flores Leyva alleges that (1) she established a well-founded fear of future persecution in Mexico, (2) the BIA failed to consider that acts of violence against an asylum applicant's family members may establish a fear of persecution, and (3) she proved by the preponderance of the evidence that more likely than not, she would suffer future torture with the acquiescence of the Mexican government if returned to Mexico. Her arguments are not persuasive.

Where an asylum applicant cannot establish past persecution, she will not be entitled to relief unless she proves the existence of a well-founded fear of future persecution by demonstrating that such fear is subjectively genuine and objectively reasonable. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017). Where an applicant does not meet the lesser burden of establishing eligibility for asylum, the applicant will necessarily fail to meet the more stringent "clear probability" burden required for withholding of removal. *Molina-Morales v. INS*,

237 F.3d 1048, 1052 (9th Cir. 2001). The same standard applies to CAT protection as to withholding of removal; however, for CAT protection, the harm feared must meet the definition of torture. *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

Flores Leyva did not show past persecution. She relies on three events to argue a well-founded fear of future persecution: (1) the murder of her cousin in 2015, (2) the murder of her uncle and brother-in-law in 2015, and (3) the disappearance of her husband and brother in 2018. These events, while tragic, do not support a well-founded fear of persecution because there is no evidence as to why her relatives were murdered or why her husband and brother disappeared. Moreover, neither Flores Leyva nor anyone else was harmed or threatened with harm in association with the disappearances. *See Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000) (requiring "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution") (quoting *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999)), *overruled on other grounds by Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009). Thus, Flores Leyva failed to demonstrate an objectively reasonable fear of future persecution—the minimum burden for both asylum and withholding of removal.

Additionally, CAT relief "is based entirely on an objective basis of fear." *Tamang*, 598 F.3d at 1095. Flores Leyva does not allege that she has been harmed

3

or threatened. The BIA reasonably determined that Flores Leyva was not entitled to CAT relief because she did not demonstrate that it was more likely than not that she would be subject to torture.

In sum, Flores Leyva failed to meet her burdens of proof for asylum, withholding of removal, and protection under the CAT.

The petition is **DENIED**.